**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

| | |
|---|---|
| GEOSCOPE TECHNOLOGIES PTE. LTD., | |
| Plaintiff, | |
| v. | Civil Action No. 1:22-cv-01331-MSN-IDD |
| GOOGLE LLC, | **JURY TRIAL DEMANDED** |
| Defendant. | |

**PLAINTIFF GEOSCOPE TECHNOLOGIES PTE. LTD.'s OPPOSITION TO
<u>DEFENDANT GOOGLE LLC's PARTIAL MOTION TO DISMISS</u>**

## <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ...................................................................................................................1

II.     FACTUAL BACKGROUND .................................................................................................2

III.    LEGAL STANDARDS .........................................................................................................4

IV.    ARGUMENT ........................................................................................................................4

    A.     Geoscope Has Sufficiently Pleaded Willful Infringement ......................................4

          1.     Geoscope Has Adequately Alleged Google's Knowledge of the
               Asserted Patents ..........................................................................................5

          2.     Geoscope Has Adequately Alleged Google's "Deliberate or Intentional
               Infringement" ............................................................................................10

    B.     Geoscope Has Sufficiently Pleaded Indirect Infringement ...................................12

          1.     Geoscope Has Adequately Alleged Google's Specific Intent for
               Induced Infringement ................................................................................12

          2.     Geoscope Has Adequately Alleged that the Accused Instrumentality
               Lacks Substantial Non-Infringing Uses ....................................................14

    C.     At a Minimum, Geoscope Has Sufficiently Pleaded Post-Complaint Willful and
          Indirect Infringement ............................................................................................16

V.     CONCLUSION ...................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Artrip v. Ball Corp.*,
   735 F. App'x 708 (Fed. Cir. 2018) ........................................................................16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)...................................................................................................4

*Audio MPEG, Inc. v. HP Inc.*,
   No. 15-cv-00073, 2016 WL 7010947 (E.D. Va. July 1, 2016)................................13

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)...................................................................................................4

*Biedermann Technologies GmbH & Co. KG v. K2M, Inc.*,
   528 F. Supp. 3d 407 (E.D. Va. 2021) .....................................................................10

*In re Bill of Lading Transmission and Processing System Patent Litigation*,
   681 F.3d 1323 (Fed. Cir. 2012)...............................................................................16

*Bio-Rad Laboratories, Inc. v. 10X Genomics, Inc.*,
   No. 19-CV-12533-WGY, 2020 WL 2079422 (D. Mass. Apr. 30, 2020) ...........4, 11

*Blitzsafe Texas, LLC v. Volkswagen Group of America, Inc.*,
   No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699 (E.D. Tex. Aug. 19, 2016) ..........6

*Bushnell Hawthorne, LLC v. Cisco Systems, Inc.*,
   No. 1:18-CV-760, 2019 WL 8107921 (E.D. Va. Feb. 26, 2019) .............11, 12, 16, 17

*CBX Technologies, Inc. v. GCC Technologies, LLC*,
   457 Fed. App'x 299 (4th Cir. 2011) ..........................................................................6

*Eko Brands, LLC v. Adrian Rivera Maynez Enterprises, Inc.*,
   946 F.3d 1367 (Fed. Cir. 2020).........................................................................11, 12

*Elm 3DS Innovations, LLC v. Samsung Electronics Co.*,
   No. CV 14-1430-LPS-CJB, 2015 WL 5725768 (D. Del. Sept. 29, 2015)................8

*Hypermedia Navigation LLC v. Google LLC*,
   No. 18-CV-06137-HSG, 2019 WL 1455336 (N.D. Cal. Apr. 2, 2019)..............11, 12

*IOENGINE, LLC v. PayPal Holdings, Inc.*,
   No. 18-452-WCB, 2019 WL 330515 (D. Del. Jan. 25, 2019) ...................11, 13, 17

*Kewazinga Corp. v. Microsoft Corp.*,
    558 F. Supp. 3d 90 (S.D.N.Y. 2021)..................................................................9

*Lifetime Industries, Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017)...................................................................12

*Mao v. Global Trust Management, LLC*,
    No. 4:21CV65 (RCY), 2022 WL 989012 (E.D. Va. Mar. 31, 2022)...................18

*Motiva Patents, LLC v. Sony Corp.*,
    408 F. Supp. 3d 819 (E.D. Tex. 2019).........................................................13

*Nielsen Co. (US), LLC v. comScore, Inc.*,
    819 F. Supp. 2d 589 (E.D. Va. 2011) ....................................................14, 15

*Rembrandt Social Media, LP v. Facebook, Inc.*,
    950 F. Supp. 2d 876 (E.D. Va. 2013) ....................................................17, 18

*Ricoh Co. v. Quanta Computer Inc.*,
    550 F.3d 1325 (Fed. Cir. 2008)...................................................................13

*In re Seagate Technology, LLC*,
    497 F.3d 1360 (Fed. Cir. 2007), *abrogated by Halo Electronics, Inc. v. Pulse
    Electronics, Inc.*, 579 U.S. 93 (2016) .........................................................17

*Skinner v. Switzer*,
    562 U.S. 521 (2011)..................................................................................4

*SoftView LLC v. Apple Inc.*,
    Civ. No. 10-389-LPS, 2012 WL 3061027 (D. Del. July 26, 2012) ................8, 10

*Soverain IP, LLC v. Microsoft Corp.*,
    No. 2:17-CV-00204-RWS-RSP, 2018 WL 1465792 (E.D. Tex. Mar. 26, 2018)....8

*SRI International, Inc. v. Cisco Systems, Inc.*,
    14 F.4th 1323 (Fed. Cir. 2021) ..........................................................4, 11, 12

*Virginia Innovation Sciences, Inc. v. Samsung Electronics Co.*,
    983 F. Supp. 2d 700 (E.D. Va. 2013) ........................................................7, 10

*Vita-Mix Corp. v. Basic Holding, Inc.*,
    581 F.3d 1317 (Fed. Cir. 2009)...................................................................14

*WCM Industries, Inc. v. IPS Corp.*,
    721 F. App'x 959 (Fed. Cir. 2018) ..............................................................5, 6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)......................................................................1, 4, 6, 18

Plaintiff Geoscope Technologies Pte. Ltd. ("Geoscope") submits this response to Google LLC's ("Google") Partial Motion to Dismiss Complaint for Failure to State a Claim Pursuant to Fed. R. Civ. P. 12(b)(6) (D.I. 28; collectively, with D.I. 29, "Motion").

## I.      INTRODUCTION

Geoscope is the successor to Andrew Corporation, a pioneer in the field of geolocation that was founded in the 1930s and grew to a multi-billion dollar enterprise. Its seminal innovations are well-known in the industry and frequently cited as prior art by more recent entrants like Google. At issue in this litigation are six specific patents ("the Asserted Patents") from Andrew Corporation that teach and claim inventions for accurately geolocating mobile phones and other devices in difficult settings, such as urban environments where precision is crucial but where signal propagation is complicated by tall buildings and indoor settings.

In addition to direct infringement—a strict liability tort with no intent requirement—Geoscope's Complaint (D.I. 1) includes robust factual allegations that create a plausible inference that Google has willfully infringed and knowingly induced infringement of the Asserted Patents. The Complaint details how, during Google's prosecution of its own patents before the United States Patent & Trademark Office ("USPTO"), Google *repeatedly* cited and substantively discussed patent applications that issued as an Asserted Patent (*i.e.*, the '753 Patent) or as another patent in the same family, as well as more generally how Google actively monitors and participates in patent developments in the same field of subject matter as the Asserted Patents. The allegations and facts in the Complaint—which must be taken as true on a motion dismiss—are more than sufficient to state a claim for Google's willful and indirect infringement at this early pleading stage.

Google does not deny that it cited and discussed and discussed at length patent applications that issued as an Asserted Patent or related family members during the prosecution of Google's own patents. Instead, Google contends that the allegations and pleaded facts in Geoscope's

Complaint are somehow insufficient to state a claim that Google was aware of the scope of Geoscope's patents. In doing so, Google misconstrues both Geoscope's allegations and the law on the sufficiency of pleading willful and indirect infringement, as discussed in detail below. When the totality of the facts and allegations in the Complaint are considered under the proper legal framework, it is clear that Geoscope has stated claims for willful and indirect infringement.

Further, there is no dispute that the detailed infringement allegations in the Complaint provided Google with knowledge of the Asserted Patents and the likelihood of infringement going forward. Because infringement is a continuing tort, and because Google has continued in the accused conduct, this is enough to state—at a minimum—a claim for *post-complaint* willful and indirect infringement. Although Google ignores this concept entirely in its Motion, this Court has recognized—as have the majority of other courts—the distinction between claims of willful and indirect infringement based on pre-suit knowledge and conduct and those based on post-filing knowledge and conduct. And courts have routinely denied or partially denied motions like Google's due to the sufficiency of a plaintiff's claims for post-filing willful and indirect infringement. Google's Motion should fail in its entirety, as discussed below. But if it does not, it should at least fail with respect to Google's post-complaint infringement.

## II.    FACTUAL BACKGROUND

On November 22, 2022, Geoscope filed the Complaint alleging that Google infringes the six Asserted Patents: U.S. Patent Nos. 7,561,104 ("the '104 Patent"), 8,400,358 ("the '358 Patent"), 8,786,494 ("the '494 Patent"), 8,406,753 ("the '753 Patent), 9,097,784 ("the '784 Patent"), and 8,320,264 ("the '264 Patent"). The Asserted Patents claim inventions developed by engineers at Andrew Corporation, a company founded in 1937 that, over the years, became a leading global supplier and developer of wireless network equipment, hardware, and infrastructure. D.I. 1 ¶ 31. The '104, '358, '494, '753, and '784 Patents claim priority to U.S.

Provisional Patent Application No. 60/899,379, which was filed on February 5, 2007. *Id.* ¶¶ 12, 15, 18, 21, 24. The '264 Patent claims priority to U.S. Provisional Patent Application No. 60/681,475, which was filed on May 17, 2005. *Id.* ¶ 27. In June 2007, Andrew Corporation was acquired by CommScope, Inc., a network infrastructure provider, for approximately $2.6 billion. *Id.* ¶ 32.

The inventions claimed in the Asserted Patents relate to the geolocation of mobile devices and provide solutions to specific problems in that field. *Id.* ¶ 33. As explained in the Complaint, using GPS alone for geolocation of mobile devices has drawbacks because GPS signals can be obstructed by buildings, signs, trees, and other manmade or environmental structures. *Id.* ¶ 40. Using network signals such as Wi-Fi, cellular, and Bluetooth signals for geolocation of mobile devices can help mitigate the drawbacks of using GPS alone. *Id.* ¶ 41. However, using network signals for geolocation of mobile devices presents its own challenges; the Complaint explains some of these challenges including, for example, the difficulties in collecting accurate calibration data generally needed for geolocation using network signals. *Id.* ¶¶ 43-46. The Complaint extensively describes how the inventions of the Asserted Patents addressed these challenges to improve the accuracy, speed, and efficiency of geolocation of mobile devices using network signals as well as how the inventions of the Asserted Patents overcame the disadvantages of prior art geolocation systems. *Id.* ¶¶ 47-77.

Additionally, the Complaint includes detailed, limitation-by-limitation explanations of how Google and its geolocation service (sometimes referred to as "Google Location Services") infringe the Asserted Patents. *E.g.*, *id.* ¶¶ 100-107 (explaining infringement of claim 1 of the '104 Patent), ¶¶ 120-126 (same for '358 Patent), ¶¶ 149-155 (same for '494 Patent), ¶¶ 178-186 (same for '753 Patent), ¶¶ 199-210 (same for '784 Patent), ¶¶ 223-231 (same for '264 Patent).

Importantly, as discussed in further detail below, the Complaint also includes extensive allegations demonstrating that Google's infringement has been willful and that, in addition to directly infringing, Google has also induced and contributed to the direct infringement of the Asserted Patents by users of Google Location Services. These allegations include specific facts evidencing Google's knowledge of the Asserted Patents and its continued, intentional infringement of the Asserted Patents despite that knowledge.

## III.   LEGAL STANDARDS

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) should be granted only if, accepting the factual allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, the allegations in the complaint do not "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The requirement to establish facial plausibility does not impose a probability requirement at the pleading stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The question is not whether the plaintiff will ultimately prevail on their claims but whether the complaint is sufficient to cross the federal court's threshold. *Skinner v. Switzer*, 562 U.S. 521, 530 (2011). Consequently, a complaint only needs to allege "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the alleged claim. *Twombly*, 550 U.S. at 556.

## IV.   ARGUMENT

### A.   Geoscope Has Sufficiently Pleaded Willful Infringement

Geoscope has adequately pleaded willful infringement of the Asserted Patents. To plead willful infringement, a plaintiff must allege facts plausibly showing that the defendant knew of the patent and knowingly or intentionally infringed the patent after acquiring that knowledge. *See SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1329-30 (Fed. Cir. 2021). Circumstantial evidence may be used to establish a defendant's knowledge of a patent. *Bio-Rad Lab'ys, Inc. v. 10X*

*Genomics, Inc.*, No. 19-CV-12533-WGY, 2020 WL 2079422, at *4-5 (D. Mass. Apr. 30, 2020);

*see also WCM Indus., Inc. v. IPS Corp.*, 721 F. App'x 959, 971-92 (Fed. Cir. 2018).

> 1.  *Geoscope Has Adequately Alleged Google's Knowledge of the Asserted Patents*

Geoscope's Complaint includes detailed allegations plausibly showing that Google had

knowledge of the Asserted Patents prior to the filing of the Complaint. For example, the Complaint

describes how, during prosecution of Google's U.S. Patent No. 8,782,045 ("Google '045 Patent"),

the USPTO Examiner ***and Google itself*** cited and discussed the publication of the patent

application that issued as the '753 Patent—U.S. Patent Application Publication No. 2008/0188237

("the '237 Application"):

> On information and belief, Google has had actual knowledge of the '753 Patent since prior to the filing of this Complaint. For example, U.S. Patent Application Publication No. 2008/0188237 ("the '237 Application"), the publication of the application that issued as the '753 Patent, was cited as prior art by a USPTO Examiner during prosecution of Google's U.S. Patent No. 8,782,045. The Examiner cited the '237 Application in multiple rejections during prosecution of Google's U.S. Patent No. 8,782,045, including rejections dated September 14, 2012, April 11, 2013, and August 16, 2013. ***Google referred to the '237 Application in its December 7, 2012, June 25, 2013, and November 14, 2013 responses to the Examiner's rejections. Additionally, during prosecution of its U.S. Patent No. 8,782,045, Google discussed the '237 Application with the Examiner during Applicant-initiated interviews on May 21, 2013 and November 6, 2013. The rejections on April 11, 2013 and August 16, 2013, and Google's responses to these rejections as well as the interviews initiated by Google, occurred after the '753 Patent's issuance on March 26, 2013.***

D.I. 1 ¶ 88 (emphasis added). Indeed, Google discussed the '237 Application ***at length*** during

prosecution of the Google '045 Patent, including multiple analyses of the '237 Application

(sometimes referred to as "Alles" or "Alles et al.") and telephonic interviews with the Examiner

that focused on the '237 Application. Ex. 1 at 2-5, 9, 12-14 (excerpts of the prosecution history of

the Google '045 Patent showing Google's substantive discussion of the '237 Application).[1] Importantly, much of this discussion occurred *after* the '753 Patent had already issued with the same claims found in the '237 Application (D.I. 1 ¶ 88), suggesting that Google—in the process of discussing the '237 Application with the Examiner—would have been aware of developments that affected the '237 Application.

These alleged facts are sufficient to support Geoscope's claims of willful infringement because knowledge of a patent application—which may be based on a defendant's prosecution activities—plausibly shows knowledge of a patent under similar circumstances. *See WCM Indus.*, 721 F. App'x at 970 n.4 (Fed. Cir. 2018) (distinguishing earlier cases finding knowledge of a pending patent application insufficient because "patent applications and realtime prosecution activity are published" and "[i]t is no longer the case that all [p]atent applications are secret") (internal quotations omitted); *Blitzsafe Texas, LLC v. Volkswagen Grp. of Am., Inc.*, No. 2:15-cv-1274-JRG-RSP, 2016 WL 4778699, at *6 (E.D. Tex. Aug. 19, 2016), report and recommendation adopted, 2016 WL 4771291 (Sept. 13, 2016) ("[I]f an accused infringer receives notice of a patent application for which a notice of allowance has been issued, the accused infringer may well be found to have knowledge of the claims when they issue.").

Google's criticism that the allegations in the Complaint are directed to Google's knowledge of patent applications rather than issued patents (D.I. 29 at 8-9; *see also id.* at 1) misdirects the Court and misconstrues both the law and Geoscope's allegations. The Complaint alleges that Google had pre-suit knowledge of the Asserted Patents not just because of Google's undisputed

---

[1] Although a court may not ordinarily consider extraneous documents when ruling on a motion made under Fed. R. Civ. P. 12(b)(6), there is an exception for documents that are "integral to and explicitly relied on in the complaint." *CBX Techs., Inc. v. GCC Techs., LLC*, 457 Fed. App'x 299, 301 (4th Cir. 2011) (citation and internal quotation marks omitted). Such is the case for the applications at issue.

knowledge of patent applications that issued as an Asserted Patent, but also because of ***the timing of that knowledge***. Geoscope alleged facts demonstrating that Google cited these patent applications during prosecution of its own patents ***after*** these applications had already issued as patents. D.I. 1 ¶ 88 ("The rejections on April 11, 2013 and August 16, 2013, and Google's responses to these rejections as well as the interviews initiated by Google, occurred after the '753 Patent's issuance on March 26, 2013."); *see also id*. ¶¶ 89-91. And although Google obfuscates this point with passive language (*see, e.g.*, D.I. 29 at 8 ("… the '237 application (which later issued as the '753 patent) was cited during Google's unrelated prosecution activities"), the Complaint alleges that Google ***itself*** was actively citing and ***substantively discussing*** these applications— which had already issued as patents—during prosecution of its own patents. D.I. 1 ¶¶ 88-91; *see also* Ex. 1 at 2-5, 9, 12-14 (excerpts of the prosecution history of the Google '045 Patent showing Google's substantive discussion of the '237 Application, including after the '753 Patent issued).

Even *Virginia Innovation*, which Google relies on (D.I. 29 at 7-8), undermines Google's argument. In *Virginia Innovation*, the court stated "it is insufficient to allege knowledge of a patent application without further alleging knowledge of the patent" but then found that allegations of the defendant's knowledge of a patent application ("Wang") sufficed to create a plausible inference that the defendant knew of the patent issuing. *Virginia Innovation Scis., Inc. v. Samsung Elecs. Co.*, 983 F. Supp. 2d 700, 708-09 (E.D. Va. 2013). This was because the defendant had cited ***and discussed*** Wang during prosecution of its own patent application and Wang issued as a patent while prosecution of the defendant's application was still pending. *Id*. The court further noted that the defendant abandoned its patent application shortly after Wang issued as a patent. *Id.* at 709. The same circumstances are present here—the published patent applications described in the Complaint were cited and discussed by Google itself during its prosecution activities, including

after those applications issued as an Asserted Patent or another patent in the same family. D.I. 1 ¶¶ 88-92.

The Complaint also describes Google's citation to multiple patent applications in the same family as the Asserted Patents during the prosecution of Google's own patents. D.I. ¶¶ 90-92. Additionally, the Complaint alleges that Google was developing technology and filing for patents in the same fields as the Asserted Patents and, thus, "routinely monitored patents, patent applications, and non-patent literature related to those fields," making it plausible that Google had knowledge of or should have had knowledge of the Asserted Patents. *Id.* ¶¶ 93-96. Even if these allegations, or the above-discussed allegation that Google was aware of and discussing with the USPTO applications that had already issued as patents, are insufficient standing alone, when considered in combination—as they must be—they are sufficient to plausibly allege that Google had or should have had pre-suit knowledge of the Asserted Patents. *See SoftView LLC v. Apple Inc.*, Civ. No. 10-389-LPS, 2012 WL 3061027, at *5-6 (D. Del. July 26, 2012) (noting that "none of the allegations standing alone adequately alleges that [the defendant] was aware of the patents-in-suit prior to the initiation of this litigation," but "[t]aken in combination, the Court concludes that [the plaintiff] has alleged a plausible basis from which one might reasonably infer that [the defendant] had knowledge of the patent-in-suit"); *Soverain IP, LLC v. Microsoft Corp.*, No. 2:17-CV-00204-RWS-RSP, 2018 WL 1465792, at *2 (E.D. Tex. Mar. 26, 2018) (denying motion to dismiss willful infringement claims based on plaintiff's allegations "[c]onsidered together").

Google's contention that knowledge of a related patent or patent application cannot create a plausible inference of knowledge of an asserted patent also lacks support in law. D.I. 29 at 7-8. Courts have recognized that knowledge of related patents and applications can support an inference that a defendant knew of an asserted patent under certain circumstances. *See Elm 3DS Innovations,*

*LLC v. Samsung Elecs. Co.*, No. 14-1430-LPS-CJB, 2015 WL 5725768, at *3 (D. Del. Sept. 29, 2015), report and recommendation adopted, 2016 WL 1274812 (Mar. 31, 2016) ("Defendants' knowledge of patents related to the [asserted] patent [and] the [asserted] patent's ubiquity in Defendants' industry … may not make pre-suit knowledge *probable* [b]ut considered as a whole, they render it at least *plausible* that Defendants were aware of the [asserted] patent and its claims prior to suit."); *see also Kewazinga Corp. v. Microsoft Corp.*, 558 F. Supp. 3d 90, 119 (S.D.N.Y. 2021) ("[A] reasonable factfinder could infer that [the defendant] was aware of the [asserted] patent based on its actual knowledge of patents in the same family.").

Here, as alleged in the Complaint, Google is a large, sophisticated technology company with extensive patent prosecution and patent monitoring activities (D.I. 1 ¶¶ 92-96) and it *repeatedly* cited, analyzed, and discussed patent applications in the same family as the Asserted Patents.[2] Google oversimplifies Geoscope's allegations, contending that finding Geoscope's claims plausible "would deem every large company to have knowledge of every patent that may relate in any way whatsoever to its business." D.I. 29 at 9. But it is undisputed that Google was specifically aware of the patent family to which five of the Asserted Patents belong and that Google had direct knowledge of the '237 Application, a publication of the application that had already issued as the asserted '753 Patent. D.I. 1 ¶¶ 88-91. And three more of the Asserted Patents (the '104, '358, and '264 Patents) had already issued at the time Google was actively citing the '237 Application and related patent applications during prosecution of its own patents. *Compare* D.I. 1 ¶¶ 12, 15, 18, 21, 24, 27 (identifying the issuance dates of the Asserted Patents) *with id.* ¶¶ 88-91.

---

[2] The '264 Patent is not in the same family as the other Asserted Patents but it relates to the same field of subject matter, has a common named inventor with the Asserted Patents, and was filed by and originally assigned to the same entity as the Asserted Patents. *See* D.I. 1-6.

Additionally, the '494 Patent had been filed and its prosecution was ongoing at the time of Google's citations. D.I. 1-3 at 2 (showing the '494 Patent was filed on February 20, 2013).

Thus, Google's reliance on *Virginia Innovation* and *Biedermann Techs. GmbH & Co. KG v. K2M, Inc.*, 528 F. Supp. 3d 407, 427 (E.D. Va. 2021) is misplaced. *See* D.I. 29 at 7-9. Geoscope's allegations do not require or impose on Google "an affirmative duty to continue to monitor the applications related to the [one of the asserted patents]" because nearly all of the Asserted Patents were issued or pending prosecution at the time Google was actively engaging with Geoscope's patent applications during Google's own prosecution activities. *Virginia Innovation*, 983 F. Supp. 2d 700, 709-710. Moreover, Geoscope has not merely made a "competitor in the field" argument, as was rejected in *Biedermann*, but rather Geoscope has pleaded facts showing Google's actual, substantive knowledge of Geoscope's patents and applications through Google's own extensive patent prosecution activities. *Biedermann*, 528 F. Supp. 3d 407, 427.

In short, Google assesses each of Geoscope's allegations regarding Google's knowledge of the Asserted Patents individually and incorrectly concludes that they are insufficient to state a claim for willful infringement. That is not the correct inquiry. Geoscope's allegations must be considered as a combination. *SoftView*, 2012 WL 3061027, at *5-6. When considered together, the allegations do more than "make it conceivable that [an accused infringer] might have learned about" the Asserted Patents. D.I. 29 at 6, 9 (quoting *Rembrandt Soc. Media, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 884 (E.D. Va. 2013)). They create a plausible inference that Google had knowledge of the Asserted Patents, supporting Geoscope's claims of willful infringement.

2. *Geoscope Has Adequately Alleged Google's "Deliberate or Intentional Infringement"*

Geoscope has also alleged facts plausibly showing that Google has deliberately or intentionally infringed the Asserted Patents. As an initial matter, Google appears to recognize that

Geoscope only needed to allege facts creating a plausible inference of "deliberate or intentional infringement" but suggests that Geoscope was required to plead facts demonstrating "egregious misconduct." *See* D.I. 29 at 9-10. To the extent Google contends that Geoscope was required to plead "egregious misconduct" to state a claim for willful infringement, Google misstates the law—"'willfulness' requires a jury to find no more than deliberate or intentional infringement,'" whereas "considerations of egregious behavior" are relevant to the separate question of enhanced damages that is reserved for the Court ***after*** an affirmative finding of willfulness has been made. *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020); *see also SRI*, 14 F.4th at 1329-30 (affirming same). Indeed, contrary to Google's contention, "there is no requirement that the plaintiff plead additional facts, beyond knowledge of the patent or patents, in order for a claim of willful infringement to survive a motion to dismiss." *IOENGINE, LLC v. PayPal Holdings, Inc.*, No. CV 18-452-WCB, 2019 WL 330515, at *7 (D. Del. Jan. 25, 2019) (Federal Circuit Judge Bryson, sitting by designation).

Here, in conjunction with the allegations regarding Google's knowledge of the Asserted Patents—which date back to 2013—Geoscope's allegations that Google has infringed and continues to infringe all of the Asserted Patents (*see*, *e.g.*, D.I. 1 ¶ 30) suffice to support a plausible inference of Google's intentional infringement. *See Bio-Rad*, 2020 WL 2079422, at *6 (finding allegations of defendant's knowledge of the patents and continued sales of the accused product sufficient). It is certainly plausible that Google, as a sophisticated technology company with knowledge of the Asserted Patents, was aware of its infringement when developing a product and filing patents in the same field as the Asserted Patents.

*Bushnell* and *Hypermedia Navigation*, cited by Google, are inapposite. D.I. 29 at 10-11. In both cases, the courts required the plaintiff to allege facts raising a plausible inference of egregious

misconduct. *Bushnell Hawthorne, LLC v. Cisco Sys., Inc.*, No. 1:18-CV-760, 2019 WL 8107921, at *1 (E.D. Va. Feb. 26, 2019) ("[T]he complaint must also allege facts to demonstrate the defendant's behavior was egregious under the circumstances."); *Hypermedia Navigation LLC v. Google LLC*, No. 18-CV-06137-HSG, 2019 WL 1455336, at *4 (N.D. Cal. Apr. 2, 2019) ("The Court finds that the complaint fails to plead egregious conduct."). Since those cases were decided, however, the Federal Circuit has directed that pleading egregious conduct is not necessary for a claim of willful infringement. *See Eko Brands*, 946 F.3d at 1378; *SRI*, 14 F.4th at 1329-30.

Thus, Geoscope has sufficiently alleged that Google's infringement has been "deliberate or intentional" and, accordingly, Geoscope's claims of willful infringement should not be dismissed.

## B.    Geoscope Has Sufficiently Pleaded Indirect Infringement

Google also seeks to summarily dismiss all of Geoscope's indirect infringement claims for purportedly failing to adequately allege knowledge of the Asserted Patents, specific intent for induced infringement, and that the Accused Instrumentality lacks substantial non-infringing uses. D.I. 29 at 11-14. As an initial matter, Geoscope has alleged sufficient facts to create a plausible inference that Google knew of the Asserted Patents prior to the filing of the Complaint, as explained above. *Supra* § IV.A.1. And, as explained further below, Geoscope has satisfied the remaining requirements for sufficiently pleading induced and contributory infringement.

### 1.    *Geoscope Has Adequately Alleged Google's Specific Intent for Induced Infringement*

To state a claim for induced infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement.'" *See Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal edits omitted). "[S]pecific intent may be inferred from

circumstantial evidence where a defendant has both knowledge of the patent and specific intent to cause the acts constituting infringement." *Ricoh Co. v. Quanta Computer Inc.*, 550 F.3d 1325, 1342 (Fed. Cir. 2008). Allegations that a defendant instructs or otherwise encourages a customer's infringement are sufficient to establish this specific intent. *See, e.g., Audio MPEG, Inc. v. HP Inc.*, No. 15-cv-00073, 2016 WL 7010947, at *9 (E.D. Va. July 1, 2016); *IOENGINE*, 2019 WL 330515, at *4-5; *see also Ricoh*, 550 F.3d at 1343 ("[P]roviding instruction on how to engage in an infringing use 'show[s] an affirmative intent that the product be used to infringe.'").

In *Audio MPEG*, this Court found allegations that the defendant's acts of inducement included "promotions on its websites and marketing materials for Defendant's infringing products and … capabilities" covered by the asserted patents to plausibly allege induced infringement. *Audio MPEG*, 2016 WL 7010947, at *9. Similarly, Geoscope has pleaded facts, including those identifying particular affirmative steps that Google took, plausibly showing that Google knew and specifically intended to encourage infringement of the Asserted Patents:

> For example, Google has induced and continues to induce the direct infringement of the '104 Patent by users of the Accused Instrumentality at least by making and providing users with the Accused Instrumentality, which infringes at least claims 1 and 11 of the '104 Patent when used, and ***by activities related to selling, marketing, advertising, promotion, support, and distribution of the Accused Instrumentality. For example, Google touts the benefits of, and encourages the use of, the Accused Instrumentality by its customers and end-users***. (*See* https://policies.google.com/technologies/location-data?hl=en-US).

*E.g.*, D.I. 1 ¶ 113 (emphasis added); *see also id.* ¶¶ 38, 142, 171, 192, 216, 237. At this early pleading stage, Geoscope "need only identify the class of information which it reasonably expects will be revealed through discovery in support of its claims." *Motiva Pat., LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 832 (E.D. Tex. 2019). As shown above, Geoscope's allegations go even beyond that, describing specific actions taken by Google to market, promote, and encourage the use of the

13

Accused Instrumentality, evidencing Google's specific intent to induce infringement. These allegations—and the facts pleaded that support them—are sufficient to support Geoscope's claims of Google's induced infringement of the Asserted Patents.

And Google's rebuttal is not one at all—Google fails to even address Geoscope's allegations under the correct standard. Instead, Google **acknowledges** that the Complaint includes allegations that Google induced infringement by "market[ing] and promot[ing] its Location Services," and invokes *Vita-Mix Corp. v. Basic Holding*—a case addressing the higher standard of the **sufficiency of proof** for an induced infringement claim, **not the sufficiency of pleading** for such a claim—to contend that Geoscope's Complaint falls short. D.I. 29 at 13 (citing 581 F.3d 1317, 1328 (Fed. Cir. 2009)). Moreover, in *Vita-Mix*, the Federal Circuit rejected the plaintiff's reliance on product instructions to show specific intent because the instructions taught "an undisputedly non-infringing use." *Id.* at 1329. Google does not contend that Geoscope's allegations have the same flaw, nor does Google even identify a non-infringing use. Further, Google does not address—much less disagree with—Geoscope's allegation that "Google touts the benefits of, and encourages the use of, the Accused Instrumentality by its customers and end-users" supported by a citation to a Google website. *See* D.I. 1 ¶¶ 113, 142, 171, 192, 216, 237. Thus, Geoscope has sufficiently pleaded claims for induced infringement.

> 2.  *Geoscope Has Adequately Alleged that the Accused Instrumentality Lacks Substantial Non-Infringing Uses*

Geoscope also plausibly alleged that the Accused Instrumentality lacks substantial non-infringing uses. The issue of "substantial non-infringing use" is a factual inquiry more appropriately determined based on an evidentiary record. Accordingly, at the pleading stage, courts—including this one—have found it sufficient for a plaintiff to plead no more than the absence of substantial non-infringing uses. *See, e.g.*, *Nielsen Co. v. Comscore, Inc.*, 819 F. Supp.

2d 589, 601-02 (E.D. Va. 2011) ("Particularly in light of the necessarily negative nature of this allegation—i.e., that the accused components have no substantial noninfringing use—it is difficult to conceive how such an allegation could have been more factually detailed.").

For example, in *Nielsen*, the court found that the following allegation sufficed to state a claim for contributory infringement—defendant "offers to sell and/or sells software components that have no substantial noninfringing use to [defendant]'s customers in connection with its products, services, systems and/or methods in ¶ 35, knowing the same to be a material part of the invention especially made or especially adapted for use in an infringement of the [asserted] patent." *Id.* at 601. The court reasoned that plaintiff had provided notice of the "components" at issue and, as to the "materiality" and "substantial noninfringing use" aspects of contributory infringement, "it is difficult to imagine a manner in which they could have been pled with greater *factual* detail." *Id.* at 602.

Geoscope's allegations regarding contributory infringement are directly in line with what was found sufficient in *Nielsen*. As Google acknowledges, Geoscope alleged that "Google had 'knowledge that the Accused Instrumentality and/or such components constitute a material part of the inventions claimed in the [Asserted] Patent, and that the Accused Instrumentality and/or such components have no substantial non-infringing use, and know[ledge] that the Accused Instrumentality and/or such components are especially made or adapted for use in infringing one or more claims.'" D.I. 29 at 14 (citing D.I. 1 ¶¶ 115, 144, 173, 194, 218, 239). Nothing more was required for Geoscope to plausibly state claims for contributory infringement.

The cases that Google relies on are inapposite because they involved circumstances where the pleadings themselves undermined the plaintiff's allegation of the absence of substantial non-infringing uses, or the accused product or component had clear substantial non-infringing uses.

*See In re Bill of Lading*, 681 F.3d 1323, 1339 (Fed. Cir. 2012) ("Because the amended complaints actually make clear on their face that Appellees' products do have substantial non-infringing uses, [appellant] has not stated a claim for contributory infringement"); *Artrip v. Ball Corp.*, 735 F. App'x 708, 713-14 (Fed. Cir. 2018) (plaintiff alleged that "aluminum provided by Alcoa" had no substantial non-infringing uses). This is not the case here; indeed, even Google has not identified a substantial non-infringing use for the Accused Instrumentality.

### C.   At a Minimum, Geoscope Has Sufficiently Pleaded Post-Complaint Willful and Indirect Infringement

Even if the Court dismisses Geoscope's allegations of willful and indirect infringement based on Google's pre-suit knowledge and conduct—which it should not—the allegations in the Complaint are, at the very least, sufficient to state claims of post-filing willful and indirect infringement. Thus, the Court should deny the Motion at least with respect to those claims. In its Motion, Google ignores the distinction between pre- and post-filing willful and indirect infringement. But this Court has recognized—and, in fact, the majority of courts have as well—the distinction and found that pre-suit knowledge is not required to state a claim for willful and indirect infringement because a complaint itself provides the requisite knowledge of a patent for post-filing willful and indirect infringement. *See Rembrandt*, 950 F. Supp. 2d at 881-83 (holding that "there is no sound basis for precluding a plaintiff from alleging the requisite knowledge for indirect infringement on the basis of the filing of the lawsuit," recognizing this as the "the majority view" among district courts, and, thus, dismissing only plaintiff's "claims for indirect infringement based upon pre-suit knowledge"); *Bushnell*, 2019 WL 8107921, at *1-2 (distinguishing between "pre-lawsuit willful infringement" and willful infringement based on "post-lawsuit activity by defendant," and dismissing willful infringement claims only "insofar as those Counts allege defendant willful infringed plaintiff's patents prior to the filing of plaintiff's Complaint"); *see also*

*IOENGINE*, 2019 WL 330515, at *7-8, 7 n.4 (Federal Circuit Judge Bryson, sitting by designation, denying dismissal of willful infringement claims because "the Court is satisfied that [the plaintiff] has made sufficient allegations of willfulness as to the post-suit period").[3] Here, there can be no dispute that the Complaint provides Google with knowledge of the Asserted Patents. *See, e.g.*, D.I. 1 ¶¶ 12-30.

Given that the Complaint itself satisfies the knowledge requirement, Geoscope only needed to additionally allege that Google continues to infringe to state a claim for post-filing willful and indirect infringement. *See IOENGINE*, 2019 WL 330515, at *7 (finding that plaintiff only needed to plead "knowledge of the patent and continuing infringement" for a claim of post-filing willful infringement and "knowledge is a given" for post-filing willful infringement); *see also Rembrandt*, 950 F. Supp. 2d at 881-82 (denying motion to dismiss claim of post-filing indirect infringement because "if a putative infringer continues to engage in indirect infringement of a patent after the filing of the suit, then a plaintiff may recover damages for that continued indirect infringement"). Geoscope has satisfied that requirement, alleging that Google continues to willfully and indirectly infringe each of the Asserted Patents. *E.g.*, D.I. 1 ¶ 96 ("Google continues to commit acts of infringement despite awareness of the Asserted Patents and a high likelihood that its actions constitute infringement …"), ¶ 113 ("Google … has induced and continues to induce the direct infringement of the '104 Patent by users of the Accused Instrumentality …"), ¶ 115 ("Google … has contributed to and continues to contribute to the direct infringement by users of the Accused

---

[3] Although *Rembrandt* states that "an allegation of willful infringement must depend upon pre-suit knowledge of the patent in issue," it relied on the now-abrogated *In re Seagate* as support for that proposition. *See Rembrandt*, 950 F. Supp. 2d at 883-84 (citing *In re Seagate Tech., LLC,* 497 F.3d 1360, 1374 (Fed. Cir. 2007), *abrogated by Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016). Since the abrogation of *In re Seagate* by *Halo*, courts have recognized that pre-suit knowledge is not required to plead post-filing willful infringement, as evidenced by *Bushnell* and *IOENGINE*.

Instrumentality of claims of the '104 Patent …"), ¶ 117 ("Google's infringement of the '104 Patent has been and continues to be willful."); *see also, e.g., id.* ¶¶ 100-107 (detailing Google's continuing infringement of claim 1 of the '104 Patent).[4]

For these reasons, Geoscope has sufficiently pleaded claims for post-filing willful and indirect infringement. Accordingly, at a minimum, Google's Motion fails as to Geoscope's claims for post-filing willful and indirect infringement and those claims should not be dismissed.

## V.   CONCLUSION

For the foregoing reasons, Geoscope requests that the Motion be denied in its entirety. At the very least, the Motion should be denied as to Geoscope's post-filing willful and indirect infringement claims. To the extent the Court grants any part of the Motion, the dismissal should be without prejudice, in accordance with the Court's usual practice, so that Geoscope has the opportunity to amend its Complaint after the benefit of fact discovery. *See Rembrandt,* 950 F. Supp. 2d at 882 (noting that even if an initial complaint failed to adequately plead an element, "the appropriate relief would be dismissal without prejudice"); *see also Mao v. Global Tr. Mgmt, LLC*, No. 4:21CV65 (RCY), 2022 WL 989012, at *2 (E.D. Va. Mar. 31, 2022) (dismissing claims found to be insufficiently pleaded without prejudice).

---

[4] The Complaint includes similar paragraphs for the other Asserted Patents. D.I. 1 ¶¶ 142, 144, 146 (corresponding paragraphs for the '358 Patent); ¶¶ 171, 173, 175 (corresponding paragraphs for the '494 Patent); ¶¶ 192, 194, 196 (corresponding paragraphs for the '753 Patent); ¶¶ 216, 218, 220 (corresponding paragraphs for the '784 Patent); ¶¶ 237, 239, 241 (corresponding paragraphs for the '264 Patent).

Dated: January 17, 2023

Respectfully submitted,

SPOTTS FAIN, P.C.

*/s/ John M. Erbach*
John M. Erbach (VSB No. 76695)
Chris Bascom (VSB No. 87302)
SPOTTS FAIN, P.C.
Renaissance Centre
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Tel: (302) 984-6300
Fax: (804) 697-2144
Email: jerbach@spottsfain.com
Email: cbascom@spottsfain.com

Timothy K. Gilman (*pro hac vice*)
Saunak K. Desai (*pro hac vice*)
Gregory Springsted (*pro hac vice*)
STROOCK & STROOCK & LAVAN LLP
180 Maiden Lane
New York, NY 10038
Tel: (212) 806-5400
Fax: (212) 806-6006
Email: tgilman@stroock.com
Email: sdesai@stroock.com
Email: gspringsted@stroock.com

*Attorneys for Plaintiff Geoscope Technologies Pte. Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 17, 2023, I will electronically file the foregoing with the

Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to

the following:

Edward J. Bennett (VSB No. 40118)
Adam D. Harber (pro hac vice)
Andrew V. Trask (pro hac vice)
Benjamin N. Hazelwood (VSB No.96058)
Michael Xun Liu (pro hac vice)
Adam Pan (pro hac vice)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
Telephone: (202) 434-5000
Facsimile: (202) 434-5029
ebennett@wc.com
aharber@wc.com
atrask@wc.com
bhazelwood@wc.com
mliu@wc.com
apan@wc.com
Stephen E. Noona (VSB No. 25367)
KAUFMAN & CANOLES, P.C.
150 W. Main Street, Suite 2100
Norfolk, VA 23510-1665
Telephone: (757) 624-3239
Facsimile: (888) 360-9092
senoona@kaufcan.com


*Counsel for Defendant Google LLC*

_/s/ John M. Erbach_
John M. Erbach (VSB No. 76695)
Chris Bascom (VSB No. 87302)
Spotts Fain, P.C.
Renaissance Centre
411 East Franklin Street, Suite 600
Richmond, Virginia 23219
Tel: (302) 984-6300
Fax: (804) 697-2144
Email: jerbach@spottsfain.com
Email: cbascom@spottsfain.com

_Counsel for Plaintiff Geoscope Technologies
Pte. Ltd._