IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| GEOSCOPE TECHNOLOGIES PTE. LTD, <br>     Plaintiff, <br><br>   v. <br><br> GOOGLE LLC, <br>     Defendant. | No: 1:22-cv-01331–MSN-IDD |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Google LLC's Partial Motion to Dismiss the Complaint (Dkt. No. 28). Upon consideration of the motion, the memorandum in support thereof, the opposition, the reply thereto, the arguments of counsel at the hearing held on January 27, 2023, and for the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

I.      **CLAIMS AND PROCEDURAL HISTORY**

On November 22, 2022, Geoscope Technologies Pte. Ltd. ("Geoscope") filed a complaint against Google LLC ("Google") alleging infringement of six patents related to inventions improving the accuracy, efficiency, and speed of the geolocation of mobile devices.[1] *See generally* Compl. (Dkt. No. 1). For each of the Asserted Patents, Geoscope alleges (1) direct infringement, (2) willful infringement, and (3) indirect infringement—both induced and contributory. *Id.* ¶¶ 98–241.

On January 3, 2023, Google filed a partial motion to dismiss the complaint. Partial Mot. to Dismiss Compl. ("Mot.") (Dkt. No. 28); Mem. of Law in Supp. of Partial Mot. to Dismiss ("Def. Mem.") (Dkt. No. 29). Google moves to dismiss the claims of willful and indirect infringement

---

[1] The six patents are: U.S. Patent Nos. 7,561,104 ("the '104 Patent"); 8,400,358 ("the '358 Patent"); 8,786,494 ("the '494 Patent"); 8,406,753 ("the '753 Patent"); 9,097,784 ("the '784 Patent"); and 8,320,264 ("the '264 Patent"). n collectively refer to these six patents as the "Asserted Patents."

for failure to state a claim under Rule 12(b)(6).[2] Geoscope filed its opposition on January 17, 2023, Pl. Opp. to Partial Mot. to Dismiss ("Opp.") (Dkt. No. 31), and Google filed its reply on January 23, 2023, Reply in Supp. of Partial Mot. to Dismiss ("Reply") (Dkt. No. 37). The Court heard oral argument on the motion on January 27, 2023. (Dkt. No. 43).

The six Asserted Patents purport to "claim novel inventions that . . . improve the accuracy, speed, and efficiency of geolocation of mobile devices using network signals." Compl. ¶ 47. Geoscope alleges that Google's "Google Location Services," which is a service that can geolocate customers' and end-users' mobile devices to enable location-based services, infringes the Asserted Patents. *Id.* ¶¶ 79–81. Specifically, for each of the Asserted Patents, Geoscope alleges that Google has infringed and continues to directly and/or indirectly infringe one or more claims of the patents. *Id.* ¶¶ 99, 119, 148, 177, 198, 222. With respect to indirect infringement, Geoscope alleges that Google both induced others to infringe the Asserted Patents and contributed to others' infringement of the Asserted Patents. *Id.* ¶¶ 86, 113, 115, 142, 144, 171, 173, 192, 194, 216, 218, 237, 239.

## II.   LEGAL STANDARD

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) when a complaint fails to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A court must "construe facts in the light most favorable to the plaintiff and draw all reasonable inferences in [its] favor" but "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *United States ex rel. Oberg v. Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014) (cleaned up).

---

[2] Google does not move for dismissal of the direct infringement claims.

III.   ANALYSIS

A.   WILLFUL INFRINGEMENT

Google moves to dismiss the claims of willful infringement on grounds that Geoscope fails to allege facts to plausibly infer (1) that Google had knowledge of the Asserted Patents or (2) that Google engaged in deliberate or intentional infringement. Def. Mem. at 6–11. Geoscope does not allege that Google ever reviewed, cited, or discussed any of the Asserted Patents directly. Rather, Geoscope asks this Court to infer Google's knowledge of the Asserted Patents based on citations to, discussions of, or references to a patent application of one of the Asserted Patents (the '753 Patent), as well as applications of related patents, during Google's own patent prosecution activities. Compl. ¶¶ 88–96.

This Court finds that Geoscope has adequately pled pre-complaint willful infringement claims with respect to four of the six Asserted Patents—the '104, '358, '264, and '753 Patents. Regarding the remaining two patents—the '494 and '784 Patents—the Court finds that Geoscope has failed to allege facts sufficient to plausibly infer Google had pre-complaint knowledge of either patent.

1.   THE '753 PATENT

With respect to the '753 Patent, Geoscope alleges that Google and the United States Patent & Trademark Office ("USPTO") examiner cited to, referenced, and discussed U.S. Patent Application Publication No. 2008/0188237 ("the '237 Application")—the application resulting in the '753 Patent—during prosecution of Google's own patents. Compl. ¶¶ 88–89. Importantly, several of these instances occurred after the '753 Patent issued on March 26, 2013. *See id.* ¶¶ 26, 88–89. For instance, Geoscope alleges that the USPTO examiner "cited the '237 Application in multiple rejections during prosecution of Google's U.S. Patent No. 8,782,045, including rejections dated . . . April 11, 2013[] and August 16, 2013" and that "Google discussed the '237 Application

3

with the Examiner during Applicant-initiated interviews on May 21, 2013 and November 6, 2013." *Id.* ¶ 88.

Google argues that it is insufficient for Geoscope to rely on allegations that Google had knowledge of the patent application rather than the patent itself. Google relies primarily upon *Virginia Innovation Sciences, Inc. v. Samsung Electronics Co., Ltd.*, 983 F. Supp. 2d 700, 708–09 (E.D. Va. 2013), to support its argument.[3] *See* Def. Mem. at 8. Although the court in *Virginia Innovation Sciences* suggested that alleging knowledge of a patent application without further alleging knowledge of the patent itself might be insufficient to plead knowledge, the court ultimately concluded that plaintiff's application-only allegations *were sufficient* to infer knowledge of the patent. 983 F. Supp. 2d at 708–09. There, the defendant cited to and discussed plaintiff's application during prosecution of its own patent application. *Id.* at 708. Critically, plaintiff's application issued as a patent while defendant's application was still pending. *Id.* The court in *Virginia Innovation Sciences* concluded that it was therefore plausible to infer the defendant "would have researched [plaintiff's patent application], as well as other references" cited in the USPTO's rejection letter before deciding whether to proceed with its own application. *Id.* at 709.

That scenario is analogous to that which Geoscope alleges here. Geoscope asserts that

---

[3] The additional cases cited by Google in its Reply are distinguishable. *See* Reply at 3. *Kaufman v. Microsoft Corp.*, No. 16 Civ. 2880 (AKH), 2020 WL 364136, at *4 (S.D.N.Y. Jan. 22, 2020), concerns the sufficiency of evidence of knowledge of patents for purposes of summary judgment rather than on a motion to dismiss, and is therefore of limited value here. In *Adidas Am., Inc. v. Skechers USA, Inc.*, No. 3:16-cv-1400-SI, 2017 WL 2543811, at *4 (D. Or. June 12, 2017), plaintiffs' allegations, unlike Geoscope's here, were devoid of factual assertions from which the court could infer knowledge of the patents. *Id.* ("Plaintiffs merely allege the relevant dates of application and issuance and the conclusion that Defendant had the requisite knowledge. In other words, Plaintiffs plead no facts from which the Court may draw the reasonable inference that Defendant knew of the patents-in-suit either when they issued or any time before Plaintiffs filed this lawsuit."). In *NetFuel, Inc. v. Cisco Sys. Inc.*, No. 5:18-cv-02352-EJD, 2018 WL 4510737, at *2–3 (N.D. Cal. Sept. 18, 2018), plaintiff made no factual allegations of defendant's knowledge of patent applications after those applications issued as patents. *Id.* ("each of the allegations refers to instances in the 2000s occurring before either of the [p]atents-in-[s]uit existed"). And in *Flypsi, Inc. v. Google LLC*, No. 6:22-cv-0031-ADA, 2022 WL 3593053, at *5 (W.D. Tex. Aug. 22, 2022), the court's decision to dismiss willful conduct allegations was in large part because the knowledge was alleged as to a company who was not a party in that action. Indeed, the court emphasized that plaintiff's allegations "tell a compelling story" and "could typify a sufficient inference of actual knowledge *if the actual defendant was aware of the patent filings*." *Id.*

4

Google cited to and discussed the '237 Application during prosecution of its own patents, including many times after the application had already issued as the '753 Patent. Compl. ¶¶ 88–89. Geoscope alleges, for instance, that the USPTO examiner cited the '237 Application in multiple rejections of Google's own patent application after the '753 Patent issued, and that Google and the USPTO specifically discussed the '237 Application during interviews that occurred after the '753 Patent issued. *Id.* ¶ 88. Under these circumstances, it is plausible to infer that Google would have researched the application cited in the USPTO's rejection letters and discovered that it had already issued as the '753 Patent. This Court therefore finds that Geoscope has adequately pled facts from which the Court can plausibly infer Google's knowledge of the '753 Patent prior to the initiation of this litigation.

Google argues that, alternatively, the willful infringement claims should be dismissed on grounds that Geoscope failed adequately to plead that Google engaged in deliberate or intentional infringement of the Asserted Patents.[4] A defendant's continuation of allegedly infringing activity after acquiring knowledge that such activity infringes the patent-in-suit is sufficient to plausibly allege deliberate or intentional infringement. *See, e.g.*, *Berall v. Pentax of Am., Inc.*, No. 10-CV-5777, 2021 WL 3934200, at *9–10 (S.D.N.Y. Sept. 2, 2021) (holding deliberate infringement adequately pled by alleging that defendant continued to manufacture the accused product despite being aware of the patent and defendant's alleged infringement); *APS Tech., Inc. v. Vertex*

---

[4] This Court declines to impose a requirement that Geoscope plead facts to support an inference of egregious conduct at the motion to dismiss stage. In *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 579 U.S. 93, 103 (2016), the U.S. Supreme Court held that enhanced damages for willful infringement "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." Although some courts have interpreted this language as requiring plaintiffs to plead egregious conduct, the Federal Circuit has recently clarified that "[t]he question of enhanced damages is addressed by the court once an affirmative finding of willfulness has been made" and that "[i]t is at this second stage at which the considerations of egregious behavior and punishment are relevant." *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). With the Federal Circuit expressly rejecting the notion that egregious behavior is a proper consideration for an affirmative finding of willfulness, it logically follows that a plaintiff need not plead egregious behavior to sustain a claim for willful infringement at the 12(b)(6) stage. While Google cites decisions continuing to require plaintiffs to plead egregious conduct, none of these decisions expressly address the relevant language from *Eko*, and this Court therefore does not find the cases cited by Google to be persuasive. *See* Reply at 8.

*Downhole, Inc.*, C.A. No. 19-1166 (MN), 2020 WL 4346700, at *8 (D. Del. July 29, 2020) ("Plaintiff has plausibly alleged that Defendants continued their purported infringement after receiving a letter from Plaintiff outlining how Defendants infringed the [patent-in-suit], and a plausible inference from the continued activity is that it was intentional or deliberate"); *Bio-Rad Labs., Inc. v. 10X Genomics, Inc.*, No. 19-CV-12533-WGY, 2020 WL 2079422, at *6 (D. Mass. Apr. 30, 2020) (finding allegations of knowledge of patents-in-suit combined with allegation of continued sale of infringing materials sufficient to state a claim of willful infringement). Because Geoscope has adequately pled pre-complaint knowledge of the '753 Patent and additionally alleges that Google has continued to infringe the '753 Patent (*e.g.*, Compl. ¶ 177), since acquiring knowledge of the patent, this Court finds that Geoscope has adequately pled facts to plausibly infer Google's intentional infringement of the '753 Patent.

        **1.**      **THE '104, '358, '264, '494, '784 PATENTS**

With respect to the remaining five Asserted Patents—the '104, '358, '494, '784, and '264 Patents—Geoscope makes the additional allegations that the patent applications for U.S. Patent Nos. 8,311,018 ("the '018 Patent") and 8,090,384 ("the '384 Patent"), patents within the same family as several of the Asserted Patents, were cited to or referenced during the prosecution of Google's patents.[5] Compl. ¶¶ 90–91. Combined with the allegations regarding the '237 Application discussed above (*see id.* ¶¶ 88–89), Geoscope alleges that Google therefore "had knowledge of or should have had knowledge of the '104, '358, '494, '784, and '264 Patents, at least because they relate to the same field of subject matter as the '753, '018, and '384 patents." *Id.* ¶ 92. This Court finds that Google has adequately pled pre-complaint knowledge and intentional infringement of the '104, '358, and '264 Patents but has failed to adequately plead pre-complaint knowledge of the '494 and '784 Patents.

---

[5]    The '753, '018, and '384 Patents, and the '104, '358, '494, and '784 Patents all claim priority to U.S. Provisional Patent Application No. 60/899,379 ("the '379 Provisional").

The '104, '358, and '264 Patents issued on July 14, 2009, March 19, 2013, and November 27, 2012, respectively. *See* Compl. ¶¶ 12, 15, 27. Geoscope alleges that Google discussed, referenced, or cited to related patent family applications in its own prosecution activities after each of these three patents issued. For instance, Geoscope alleges that Google cited the application resulting in the '018 Patent in an Invention Disclosure Statement dated September 9, 2013 in the prosecution of its own patent (Compl. ¶ 90); Google referred to the '237 Application in its June 25, 2013 and November 14, 2013 responses to a USPTO examiner's rejections during prosecution of Google's patent (*id.* ¶ 88); and Google discussed the '237 Application during interviews with a USPTO examiner on May 21, 2013 and November 6, 2013 (*id.*). Each of these instances referencing or discussing the patent applications occurred when the applications had *already issued* as patents. As with the '753 Patent, it is therefore plausible that Google would have investigated the patent family applications discussed, cited to, or referenced in its own prosecution activities, and thus had knowledge of the three patents. *See Elm 3DS Innovations, LLC v. Samsung Elecs. Co.*, No. 14-1430-LPS-CJB, 2015 WL 5725768, at *2–3 (D. Del. Sept. 29,2015), report and recommendation adopted, 2016 WL 1274812 (Mar. 31, 2016) (knowledge of patents related to the patent-in-suit combined with patent's ubiquity in the industry "render it at least plausible that Defendants were aware of the [patent-in-suit] and its claims prior to suit"); *cf. Kewazinga Corp. v. Microsoft Corp.*, 558 F. Supp. 3d 90, 119-20 (denying defendant's summary judgment motion where "[a] reasonable jury could find that [defendant] had pre-suit knowledge of [patent-in-suit] because it knew of [two other] patents, which are in the same patent family as the [patent-in-suit], as well as other patent applications in the same family"). Therefore, while it is possible that Google lacked knowledge of these three patents, the facts alleged at least make it *more plausible* that Google had knowledge of the '104, '358, and '264 Patents. And, for the same reasons discussed above with respect to the '753 Patent (*supra* Section III.A.i.a), this Court finds that the additional allegations that Google continued

7

to infringe the patents make it at least plausible to infer Google's intentional infringement of the '104, '358, and '264 Patents. *See, e.g.*, Compl. ¶¶ 99, 119, 222.

With respect to the '494 and the '784 Patents, however, the Court finds that Geoscope has failed to adequately allege Google's pre-complaint knowledge of those patents. Geoscope does not allege that Google cited to or discussed any of the patent applications from the '379 Provisional family after either the '494 Patent or '784 Patent issued. Indeed, the latest Geoscope alleges that any of the patent applications from the patent family was cited or referenced during Google's own prosecution activities was November 14, 2013—a date before either the '494 or '784 Patents issued.[6] Compl. ¶ 88. As the court explained in *Virginia Innovation Sciences*, there is "no affirmative duty to continue to monitor any patent, that a potential infringer becomes aware of, for continuations or continuations-in-part, which could perhaps, eventually, issue as patents." 983 F. Supp. 2d at 709. This Court therefore declines to infer that Google had knowledge of any patent that issued after the latest date on which a reference to Geoscope's patent family applications was made during the prosecution of Google's own patents.

\* \* \*

Accordingly, the Court **DENIES** the motion to dismiss the claims of willful infringement of the '104, '358, '264, and '753 Patents. Because Geoscope has failed to adequately plead pre-complaint knowledge of the '494 and the '784 Patents, this Court **GRANTS** the motion to dismiss the claims of pre-complaint willful infringement of the '494 Patent and '784 Patent.

B.   **INDIRECT INFRINGEMENT CLAIMS**

A party may indirectly infringe a patent either (i) by inducing direct infringement in violation of 35 U.S.C. § 271(b), or (ii) by contributing to direct infringement in violation of 35 U.S.C. § 271(c). The U.S. Supreme Court has made clear that "§ 271(c) requires knowledge of the

---

[6]   The '494 Patent issued on July 22, 2014, and the '784 Patent issued on August 4, 2015. Compl. ¶¶ 18, 24.

8

existence of the patent that is infringed" and "that the same knowledge is needed for induced infringement under § 271(b)." *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765 (2011). Accordingly, because Geoscope has failed to adequately plead pre-complaint knowledge of the '494 Patent and '784 Patent, this Court finds that Geoscope has failed to state a claim for pre-complaint indirect infringement (both induced and contributory infringement) with respect to these two patents.

For the remaining four patents, the Court will address Google's arguments that the complaint lacks factual assertions to support claims of induced and contributory infringement.

### 1. INDUCED INFRINGEMENT

To state a claim for induced infringement, "a complaint must plead facts plausibly showing that the accused infringer specifically intended another party to infringe the patent and knew that the other party's acts constituted infringement." *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (cleaned up). Allegations that a defendant instructs or encourages its customer's infringement are sufficient to plead specific intent for the purposes of an induced infringement claim. *See, e.g.*, *Audio MPEG, Inc. v. HP Inc.*, Nos. 2:15-cv-00073, 2:16-cv-00082, 2016 WL 7010947, at *9 (E.D. Va. July 1, 2016) (finding allegations that the defendant induced infringement through "promotions on its websites and marketing materials for Defendant's infringing products and . . . capabilities" plausibly alleged induced infringement); *IOENGINE, LLC v. PayPal Holdings, Inc.*, Nos. 18-452-WCB, 18-826-WCB, 2019 WL 330515, at *4–5 (D. Del. Jan. 25, 2019) (finding allegations that defendant provided directions to customers as to how to implement its software, including providing kits that instruct and encourage the use of the infringing products, sufficient to state a claim of induced infringement).[7]

---

[7] Google strains to distinguish *Audio MPEG*, emphasizing allegations in the complaint that the product necessarily infringes the patent-in-suit and that the defendant specifically promoted the infringing product on its website by touting the very capabilities that were alleged to have been infringed upon. *See* Reply at 11. But these distinctions were not discussed in the *Audio MPEG* court's analysis of the induced infringement allegations, and the

9

Here, Geoscope has alleged that Google has induced and continues to induce its users to infringe the '104, '358, '264, and '753 Patents, "by activities related to selling, marketing, advertising, promotion, support, and distribution of" Google Locations Services. *See* Compl. ¶¶ 113, 142, 192, 237. Geoscope also alleges that "Google touts the benefits of, and encourages the use of, [Google Location Services] by its customers and end-users," providing a link to Google's policies regarding its location services. *Id.* Geoscope describes the specific actions Google has undertaken to market and promote the use of the infringing product, and has therefore pled facts plausibly showing Google knew and specifically intended to encourage infringement of the '104, '358, '264, and '753 Patents.

### 2.   CONTRIBUTORY INFRINGEMENT

To state a claim for contributory infringement, a plaintiff "must plausibly allege that the accused infringer knew of the asserted patents . . . and must plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." *Artrip v. Ball Corp.*, 735 F. App'x 708, 713 (Fed. Cir. 2018) (cleaned up).

This Court finds that Geoscope has plausibly alleged that Google's Location Services are "made or especially adapted" for an infringing use and that they lack any "substantial noninfringing use." *See* 35 U.S.C. § 271(c). Geoscope details the particular functionalities of the '104, '358, '264, and '753 Patents that are designed to improve the accuracy, speed, and efficiency of the ability of mobile devices to geolocate themselves. *See, e.g.*, Compl. ¶¶ 37–77. Geoscope also alleges that Google has "incorporate[d] the patented technology" into a service that is designed specifically to enable "customers and end-users [to] geolocate the customers' and end-users'

---

court's decision did not turn on the distinctions Google identifies. Google argues that Geoscope must identify in its complaint how Google has encouraged users to perform the *specific functions* that it alleges infringed the asserted claims. But given the highly technical nature of the improvements to mobile devices' geolocation services claimed by Geoscope in the Asserted Patents, it is difficult to conceive how Geoscope could ever state a claim for induced infringement that meets the high pleading standard Google urges this Court to adopt.

10

mobile devices," (*id.* ¶ 79), and "'aims to provide a more accurate device location and generally improve location accuracy,'" (*id.* ¶ 80) (citing Google's website on Google's Location Services). The Court can plausibly infer from these allegations that the accuracy of the geolocation service provided by Google is a critical feature of Google's Location Services; indeed, the allegations create the plausible narrative that the purported infringing geolocation services are specifically designed to optimize accuracy and is therefore "made or especially adapted" for an infringing use. *See* 35 U.S.C. § 271(c).

Moreover, the features Google identifies as purportedly non-infringing uses raised in the Complaint, *see* Reply at 13 (e.g., that Google's Location Services may be useful for "driving directions, to making sure your search results include things near you, to showing you when a restaurant is typically busy," as well as functions such as "providing a website in the right language or helping to keep Google's services secure"), are all features for which the accuracy of the geolocation service provided are critically important. For instance, Google's Location Services is presumably able to provide a website in the right language by accurately identifying, through its precise geolocation services, the country or region in which a customer resides. And, providing customers with driving directions also depends upon accurately identifying where the customer is located. While Geoscope does not specifically allege that each of these particular functionalities of Google Location Services infringes the asserted claims, Geoscope *has* alleged that each of these features is an example of "Google . . . recogniz[ing] and tout[ing] the importance and benefits of location-based services," and has also alleged, more generally, that Google's website states that Google Location Services "'aims to provide a more accurate device location and generally improve location accuracy.'" Compl. ¶ 80 (citing Google's website). Google's examples of non-infringing uses are unconvincing.

Some degree of conclusory pleading is inherent where a plaintiff seeks to "prove a negative"— that an accused product is incapable of a substantial non-infringing use. *See Nielson Co., LLC v. Comscore, Inc.*, 819 F. Supp. 2d 589, 601–02 (E.D. Va. 2011) ("Particularly in light of the necessarily negative nature of this allegation—i.e., that the accused components have no substantial noninfringing use—it is difficult to conceive how such an allegation could have been more factually detailed."). This Court therefore finds that Geoscope has plausibly alleged that Google's Location Services lack any substantial non-infringing use.

\*   \*   \*

Accordingly, because Geoscope has failed to adequately allege pre-complaint knowledge of the '494 and '784 Patents, the Court **GRANTS** the motion to dismiss the claims of pre-complaint induced and contributory infringement of the '494 Patent and '784 Patent.

This Court finds that Geoscope has adequately pled claims of induced and contributory infringement of the '104, '358, '264, and '753 Patents, and **DENIES** the motion to dismiss the induced and contributory infringement claims with respect to these four patents.

### C.   POST-COMPLAINT INFRINGEMENT

Geoscope argues that in the event the Court were to find its pre-complaint allegations insufficient, it has, at a minimum, adequately pled claims of post-complaint willful and indirect infringement. Opp. at 16. District courts are divided as to whether a defendant must have pre-complaint knowledge to sustain a claim for willful and indirect infringement. *See ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 249–50 & n.1 (D. Del. 2021) (collecting cases). Without Federal Circuit authority on this issue, this Court is persuaded by the reasoning adopted by courts finding that a complaint provides knowledge of the existence of a potentially infringing patent sufficient to support post-complaint claims for indirect and willful infringement. *E.g., IOENGINE*, 2019 WL 330515, at \*4–7 ("As to [plaintiff]'s post-suit activities, however, knowledge of the patents

12

was clearly conveyed to [plaintiff] by the service of the complaint."); *Rembrandt Soc. Media, LP v. Facebook, Inc.*, 950 F. Supp. 2d 876, 884 (E.D. Va. 2013) ("There is simply no substantive difference between (i) a putative infringer learning of a patent from a plaintiff's letter a day, or hours or even minutes before an infringement suit is filed or served, and (ii) a putative infringer learning of the patent from the filing or service of a complaint."); *Smart Wearable Techs. Inc. v. Fitbit, Inc.*, 274 F. Supp. 3d 371, 375 (W.D. Va. 2017) ("the court is persuaded by the reasoning adopted by the majority of district courts that have ruled that a complaint provides sufficient notice of the existence of a patent to support a claim for indirect infringement occurring after the filing date").

This Court therefore finds that because the Complaint satisfies the knowledge requirement, and that Geoscope has additionally alleged that Google continues to infringe the '494 and ''784 Patents, Geoscope has sufficiently stated a claim for post-filing willful and indirect infringement. *See, e.g.*, Compl. ¶ 96 ("Google continues to commit acts of infringement despite awareness of the Asserted Patents and a high likelihood that its actions constitute infringement …"), ¶ 171 ("Google . . . has induced and continues to induce the direct infringement of the '494 Patent by users of the Accused Instrumentality . . . ."), ¶ 173 ("Google . . . has contributed to and continues to contribute to the direct infringement by users of the Accused Instrumentality of claims of the '494 Patent . . . ."), ¶ 175 ("Google's infringement of the '494 Patent has been and continues to be willful."), ¶ 216 ("Google . . . has induced and continues to induce the direct infringement of the '784 Patent by users of the Accused Instrumentality . . . ."), ¶ 218 ("Google . . . has contributed to and continues to contribute to the direct infringement by users of the Accused Instrumentality of claims of the

'784 Patent . . . ."), ¶ 220 ("Google's infringement of the '784 Patent has been and continues to be willful.").

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (Dkt. No. 28) is **GRANTED IN PART** and **DENIED IN PART**.

This Court **GRANTS** the motion to dismiss the claims of pre-complaint willful and indirect infringement of the '494 Patent and '784 Patent; **DENIES** the motion to dismiss claims of post-complaint willful and indirect infringement of the '494 Patent and '784 Patent; **DENIES** the motion to dismiss the claims of willful infringement of the '104, '358, '264, and '753 Patents; and **DENIES** the motion to dismiss the claims of induced infringement and contributory infringement of the '104, '358, '264, and '753 Patents.

It is **SO ORDERED**.

/s/
Hon. Michael S. Nachmanoff
United States District Judge

Alexandria, Virginia
February 15, 2023