IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| GEOSCOPE TECHNOLOGIES PTE. LTD., <br><br> Plaintiff, <br><br> v. <br><br> GOOGLE LLC, <br><br> Defendant. | Civil Action No. 1:22-cv-01331-MSN-JFA <br><br> **JURY TRIAL DEMANDED** |

**STIPULATION OF PARTIAL JUDGMENT OF
<u>NONINFRINGEMENT AND INVALIDITY</u>**

Plaintiff Geoscope Technologies Pte. Ltd. ("Geoscope") and Defendant Google LLC ("Google"), by and through their respective counsel, and in response to the Court's Order entered August 15, 2023 (Dkt. No. 113), hereby stipulate to entry of judgment of noninfringement of U.S. Patent No. 8,320,264 (the "'264 Patent") and of invalidity of claim 11 of U.S. Patent No. 9,097,784 (the "'784 Patent") and claim 52 of U.S. Patent No. 8,400,358 (the "'358 Patent"), based on the Court's claim construction rulings in Dkt. No. 105.

In light of the foregoing, IT IS HEREBY STIPULATED AND AGREED by the parties, subject to approval of the Court, as follows:

1. On November 22, 2022, Geoscope filed its Complaint against Google for infringement of U.S. Patent Nos. 7,561,104; 8,400,358; 8,786,494; 8,406,753; 9,097,784; and 8,320,264 (collectively, "the Asserted Patents"). Dkt. No. 1.

2. On March 1, 2023, Google answered Geoscope's Complaint, denying the material allegations and asserting, among other things, affirmative defenses of noninfringement and invalidity of the Asserted Patents. Dkt. No. 48.

3. On June 12, 2023, pursuant to the Joint Discovery Plan, Geoscope narrowed the asserted claims of the '264 Patent, '784 Patent, and '358 Patent to the following:

    a. Claims 13, 15, and 20 of the '264 Patent;

    b. Claim 11 of the '784 Patent; and

    c. Claims 15, 18, and 52 of the '358 Patent.

4. On July 19, 2023, following briefing and a hearing, the Court issued a Claim Construction Order construing disputed terms of the Asserted Patents. Dkt. No. 105.

5. With respect to the '264 Patent, '784 Patent, and '358 Patent, the Court's Claim Construction Order provided, among other things, the following constructions and rulings:

    a. "wireless device" ('264 Patent): a mobile device configured to communicate while unattached to any physical wires.

    b. "in proximity" ('784 Patent): Indefinite.

    c. "determining said most likely street as a first one of said plural geographic locations" ('784 Patent): Indefinite.

    d. "positioning determining equipment" ('358 Patent): Subject to 35 U.S.C. § 112 ¶ 6. Function: "comparing said modified network measurement data with said database of calibration data." Structure: Indefinite.

6. In light of the Court's Claim Construction Order (Dkt. No. 105), the parties jointly stipulate that the Court may enter judgment of noninfringement of claims 13, 15, and 20 of the '264 Patent against Geoscope. Google provides a location service for Android devices called Google Location Services. Mobile devices with Google Location Services can use information from nearby Wi-Fi access points and cellular towers to determine a device's location. Geoscope alleged that the Wi-Fi geolocation functionality and cellular geolocation functionality of Google

Location Services on Android mobile devices infringe claims 13, 15, and 20 of the '264 Patent. Under Geoscope's proposed construction of "wireless device" as a "device capable of communicating using a wireless network," Geoscope contended that a Wi-Fi access point or cell tower satisfied the "wireless device" limitation of the claims, because such transmitters communicate using a wireless communication network.  However, in view of the Court's construction of the term "wireless device," and the statement in the Court's Order that the intrinsic evidence does not support "that a base station may be a wireless device," Dkt. No. 105 at 32, the parties agree that Geoscope cannot establish that Google infringes claims 13, 15, and 20 of the '264 Patent, because Wi-Fi access points and cell towers are not configured to communicate while unattached to any physical wires.  Geoscope expressly reserves the right to challenge on appeal the Court's claim construction of the term "wireless device" upon entry of final judgment.

7. Based on the Court's rulings described in paragraph 5 above involving the '784 and '358 Patents, the parties jointly stipulate that the Court may enter judgment of invalidity of asserted claim 11 of the '784 Patent and asserted claim 52 of the '358 Patent.  Geoscope expressly reserves the right to challenge on appeal the Court's rulings described in paragraph 5 above involving the '784 and '358 Patents upon entry of final judgment.

8. The present action presents more than one claim for relief.  To conserve judicial and party resources, the parties respectfully request that the Court enter judgment in favor of Google and against Geoscope as to Counts Five and Six of Geoscope's Complaint (Dkt. No. 1) asserting infringement of the '784 Patent and '264 Patent, respectively, and partial judgment in favor of Google and against Geoscope as to Count Two of Geoscope's Complaint for claim 52 of the '358 Patent.[1]  The judgment as to these Counts will become final upon entry of judgment as to

---

[1] Claims 15 and 18 of the '358 Patent do not recite the term "positioning determining equipment."

all remaining claims in this action. The parties reserve all appellate rights, including but not limited to the right to challenge the Court's Claim Construction Order on appeal to the United States Court of Appeals for the Federal Circuit.

9. The parties agree that this stipulation is without prejudice to any claim construction, infringement, noninfringement, validity, or invalidity positions with respect to any other limitations of any other asserted claims in this action.

10. The parties further request, pursuant to Fed. R. Civ. P. 6(b)(1)(A), that the time for filing a bill of costs or a motion for attorney's fees under any basis, including 35 U.S.C. § 285 and Fed. R. Civ. P. 54(d), be extended until thirty days after the United States Court of Appeals for the Federal Circuit's issuance of the mandate regarding any appeal of this Court's final judgment or thirty days after the time to file an appeal has expired.

Dated: August 22, 2023

Respectfully submitted,

| | |
|---|---|
| */s/ John M. Erbach* | */s/ Stephen E. Noona* |
| John M. Erbach (VSB No. 76695) | Stephen E. Noona (VSB No. 25367) |
| Chris Bascom (VSB No. 87302) | Clark J. Belote (VSB No. 87310) |
| SPOTTS FAIN, P.C. | KAUFMAN & CANOLES, P.C. |
| Renaissance Centre | 150 W. Main Street, Suite 2100 |
| 411 East Franklin Street, Suite 600 | Norfolk, VA 23510-1665 |
| Richmond, Virginia 23219 | Telephone: (757) 624-3000 |
| Tel: (804) 697-2044 | Facsimile: (888) 360-9092 |
| Fax: (804) 697-2144 | senoona@kaufcan.com |
| jerbach@spottsfain.com | cjbelote@kaufcan.com |
| cbascom@spottsfain.com | |
| | Edward J. Bennett (VSB No. 40118) |
| Timothy K. Gilman (*pro hac vice*) | Adam D. Harber (*pro hac vice*) |
| Christopher M. Gerson (*pro hac vice*) | Andrew Trask (*pro hac vice*) |
| Saunak K. Desai (*pro hac vice*) | Benjamin N. Hazelwood (VSB No. 96058) |
| Natalie D. Lieber (*pro hac vice*) | Michael Xun Liu (*pro hac vice*) |
| Gregory R. Springsted (*pro hac vice*) | Adam Pan (*pro hac vice*) |
| Ryan J. Singer (*pro hac vice*) | WILLIAMS & CONNOLLY |
| Alexandra J. Cho (*pro hac vice*) | 680 Maine Avenue SW |
| SCHULTE ROTH & ZABEL LLP | Washington, DC 20024 |
| 919 Third Avenue | Telephone: (202) 434-5000 |
| New York, NY 10022 | ebennett@wc.com |
| Tel: (212) 756-2000 | aharber@wc.com |
| Fax: (212) 593-5955 | atrask@wc.com |
| tim.gilman@srz.com | bhazelwood@wc.com |
| chris.gerson@srz.com | mliu@wc.com |
| saunak.desai@srz.com | apan@wc.com |
| natalie.lieber@srz.com | |
| gregory.springsted@srz.com | *Attorneys for Defendant Google LLC* |
| ryan.singer@srz.com | |
| alexandra.cho@srz.com | |
| | |
| *Attorneys for Plaintiff Geoscope Technologies Pte. Ltd.* | |